UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOANNA K.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C21-01708-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff appeals a final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's applications for disability benefits after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1985.[1] Plaintiff has at least a high school education and previously worked as a microcomputer support specialist. AR 34. Plaintiff filed an application for Disability Insurance Benefits (DIB) and an application for Supplemental Security Income (SSI)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

on April 14, 2016, alleging disability beginning March 31, 2012. AR 15, 197. The applications were denied at the initial level and on reconsideration. On June 10, 2021, the ALJ held a telephone hearing and took testimony from Plaintiff and a vocational expert (VE).[2] AR 87–129. On June 30, 2021, the ALJ issued a decision finding Plaintiff not disabled.[3] AR 15–36. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on October 25, 2021 (AR 1–6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining

---

[2] The ALJ previously held a hearing in this matter on May 7, 2018. AR 43–86.

[3] The ALJ previously issued a decision in this matter dated October 22, 2018, finding Plaintiff not disabled. AR 197–210. On February 28, 2020, the Appeals Council granted Plaintiff's request for review of the ALJ's October 2018 decision and remanded the case for further administrative proceedings. AR 216–20.

ORDER
PAGE - 2

whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 18.

At step two, the ALJ found that Plaintiff has the following severe impairments: bipolar disorder; generalized anxiety disorder; attention deficit hyperactive disorder (ADHD); sleep apnea; obesity; cervicalgia; migraine; right sacroiliac arthropathy; and fibromyalgia. AR 18.

At step three, the ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. AR 18–22.

At step four, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

> [H]e cannot climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs. The claimant can perform no more than occasional balancing on narrow, slippery, or erratically moving surfaces and can engage in occasional stooping, kneeling, crouching, and crawling. He is limited to no more than occasional overhead reaching, pushing, or pulling with the right non-dominant upper extremity, and he can perform no more than frequent handling and fingering. The claimant cannot work at unprotected heights or around moving mechanical parts or other such hazards. He can maintain the concentration required to perform simple routine tasks, remember work procedures, and make simple work-related decisions. The claimant cannot work at a fast pace such as an assembly line, but can stay on task and meet reasonable production requirements in an environment that allows him to maintain a flexible and goal-oriented pace. The claimant is further limited to work that requires only occasional changes in the work setting which are introduced gradually and he can have occasional interaction with co-workers and supervisors, but no interaction with the public.

AR 22. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. AR 34.

At step five, the ALJ found that Plaintiff retains the capacity to make an adjustment to work that exists in significant numbers in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing the requirements of representative occupations such as market-retailer, routing clerk, and collator operator. AR 34–35.

Plaintiff raises the following issue on appeal: Whether the ALJ erred in failing to properly consider the opinions of the examining and treating providers. Plaintiff requests remand for an award of benefits or, in the alternative, remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

### 1. Medical Opinion Evidence

The regulations applicable to Plaintiff's case require the ALJ to weigh medical opinions regardless of the source. 20 C.F.R. §§ 404.1527(c), 416.927(c). Under these regulations, the ALJ is required to give "controlling weight" to a treating physician's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [claimant's] case record."[4] *Id*. §§ 404.1527(c)(2), 416.927(c)(2). More weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight should be given to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). Where contradicted, a treating or

---

[4] In 2017, the Social Security Administration amended its regulations and removed the "controlling weight" requirement for all applications filed after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c, 416.920c (2017). Because Plaintiff's claim was filed before March 27, 2017, the new rules are not applicable to Plaintiff's case.

ORDER
PAGE - 4

1   examining doctor's opinion may not be rejected without "'specific and legitimate reasons'

2   supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830–31 (quoting

3   *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

4       With these regulations and considerations in mind, the Court proceeds to its analysis of the

5   medical evidence in this case.

6       A.   Dr. Luis Enriquez, M.D.

7       On June 8, 2020, Dr. Enriquez, Plaintiff's treating provider since January 2020, opined that

8   Plaintiff would be limited to sedentary work due to pain from Plaintiff's fibromyalgia. AR 2090.

9   Dr. Enriquez assessed that Plaintiff could stand and walk for less than two hours and sit for less

10  than four hours in a normal eight-hour workday; occasionally balance, crouch, kneel, crawl, and

11  handle; and never climb or stoop. AR 2091. Dr. Enriquez further assessed that Plaintiff's ADHD

12  would be aggravated by working in a noisy environment. AR 2093. Finally, Dr. Enriquez opined

13  that Plaintiff would be expected to miss work more than twice a month, require additional breaks

14  beyond customary work breaks, and require accommodations, such as a flexible schedule, in order

15  to sustain employment due to flare ups of Plaintiff's migraines and fibromyalgia. AR 2093.

16      The ALJ afforded Dr. Enriquez's opinion little weight. AR 33. The ALJ found that,

17  although the record supported diagnoses of fibromyalgia and migraines as well as postural and

18  mental limitations, "the record showed moderate at worst, and generally mild, physical symptoms"

19  and that Plaintiff's physical symptoms are "stable and well controlled." AR 33–34.

20      Plaintiff argues that the ALJ "fail[ed] to identify specific facts or explain how the evidence

21  was inconsistent with Dr. Enrique's [sic] opinion." Dkt. 13, at 4. In rejecting a physician's opinion,

22  the ALJ "must set[] out a detailed and thorough summary of the facts and conflicting clinical

23  evidence" and "must set forth his own interpretations and explain why they, rather that the

doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). Here, the ALJ's explanation is inadequate. Although the evidence cited by the ALJ shows some normal musculoskeletal and neurological findings, the ALJ acknowledged that the same records also indicate that Plaintiff experienced back and leg pain during a straight leg test, tenderness in his lower back, right upper arm, and knees, and limited range of motion in the spine and neck. AR 24; *see also* AR 703, 761, 780, 1767. The ALJ failed to explain how or why this evidence was inconsistent with Dr. Enriquez' assessed limitations, including the standing, sitting, walking, climbing, stooping, or noise limitations that the ALJ rejected. Therefore, the ALJ's finding that Dr. Enriquez' opinion was inconsistent with evidence of moderate to mild physical symptoms lacks the support of substantial evidence.

Plaintiff argues that the ALJ improperly found Dr. Enriquez' opinion inconsistent with evidence that Plaintiff's migraines and pain were "controlled" or "stable." Dkt. 13, at 9–10. Plaintiff argues that the ALJ failed to consider evidence that Plaintiff continued to have migraine headaches monthly and that Plaintiff's migraines and pain were exacerbated by stress. *Id.* at 10. "Impairments that can be controlled effectively with medication are not disabling." *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ found that Dr. Enriquez "attributed claimant's limitations to persistent pain and migraine and fibromyalgia flare-ups" and that the evidence shows that Plaintiff's "various physical conditions, other than obesity, are stable and well-controlled." AR 33–34 (citing AR 1861, 1877, 1943, 1952, 1962). Between 2017 and 2020, Plaintiff reported to his[5] treatment providers that taking abortive medication as needed for his headaches "works well," "helps with severe migraines," and "resolves the headaches," and that his medication therapy is "working well" and has "helped reduce

---

[5] The Court uses he/him pronouns in accordance with Plaintiff's preference. *See* AR 15.

ORDER
PAGE - 6

frequency and severity" of his migraines. AR 25; *see* AR 1644, 1725, 1743, 1748–49, 1786–87, 1826, 1851, 1862, 1877, 1916, 1943, 1953, 2058. Similarly, in November 2020, Plaintiff reported to his treatment providers that his medication regimen for fibromyalgia and chronic neck/back pain is "effective in controlling [his] pain without any side effects" and that Plaintiff's "symptoms are well managed." AR 24; *see* AR 1943, 1962, 2058. Finally, although Plaintiff's treatment providers noted that Plaintiff's physical symptoms were exacerbated by stress (AR 1725, 1748), the ALJ found that "Plaintiff reported to medical providers that his mood was stable and that his medications were effective." AR 30. Therefore, the ALJ did not err by finding Dr. Enriquez' opinion inconsistent with evidence that Plaintiff's physical conditions were stable and controlled, and substantial evidence supports the ALJ's finding.

Although the ALJ erred by finding Dr. Enriquez' opinion inconsistent with evidence that Plaintiff's physical symptoms were mild to moderate, the ALJ's error was harmless because, as discussed above, the ALJ provided other valid reasons for rejecting the doctor's assessed limitations. *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination"). Nevertheless, because this matter is remanded on other grounds discussed below, the ALJ should reconsider Dr. Enriquez' opinion as warranted by further consideration of the evidence.

B. Dr. Jenna Yun, Ph.D.

On October 12, 2017, Dr. Yun examined Plaintiff for the Department of Social and Health Services (DSHS) and assessed Plaintiff with marked limitations in his ability to understand, remember, and persist in tasks by following detailed instructions and to complete a normal work day and work week without interruptions from psychologically based symptoms. AR 1244–45. On

October 4, 2019, Dr. Yun examined Plaintiff again and assessed Plaintiff with marked limitations in his ability to maintain appropriate behavior in a work setting and complete a normal work day and work week without interruptions from psychologically based symptoms. AR 1971–72.

The ALJ afforded partial weight to Dr. Yun's opinions. AR 32. The ALJ found that Dr. Yun's 2017 opinion was "partially consistent and supported by the medical evidence of record" but that Plaintiff's "mental status examinations reflect symptoms that are moderate at worst." AR 32. Regarding Dr. Yun's 2019 opinion, the ALJ found that "the claimant's subjective claims are somewhat in excess of what is supported by the other evidence in the record, to include his mental status examinations, activities of daily living, and the testing for [sic] contained in this exhibit." AR 33. In affording Dr. Yun's 2019 opinion partial weight, the ALJ noted that "the limitations in the residual functional capacity account for the claimant's moderate mental health symptoms." AR 33.

Plaintiff argues that the ALJ failed to provide a specific and legitimate explanation describing how the evidence was consistent or inconsistent with Dr. Yun's opinions. Dkt. 13, at 12, 15. The ALJ cited several treatment records to support of her conclusion that Plaintiff symptoms were "moderate at worst." AR 32–33. These records indicate that Plaintiff was frequently observed with depressed and anxious mood, suicidal ideation, quiet/slow speech, and flat affect. *See, e.g.*, AR 1171–72, 1286–87, 1356. The ALJ acknowledged these findings in the decision yet found that the findings were otherwise "unremarkable." AR 27–29. The ALJ failed to explain how and why this evidence conflicted or was inconsistent with Dr. Yun's opinion. *See Reddick*, 157 F.3d at 725 (requiring the ALJ to "set[] out a detailed and thorough summary of the facts and conflicting clinical evidence" and "set forth his own interpretations and explain why they, rather that the doctors', are correct"). Indeed, the records cited by the ALJ are not reasonably

inconsistent with Dr. Yun's clinical findings that Plaintiff experiences chronic and severe symptoms of sadness and depressed mood, lack of sleep, lack of energy, worry, restlessness, fatigue, irritability, increased goal-directed activity or energy/psychomotor agitation, and inflated self-esteem or grandiosity. AR 1243, 1970–71. Further, none of the treatment records cited by the ALJ describe Plaintiff's symptoms as "moderate." Therefore, the ALJ's finding that Dr. Yun's opinion was inconsistent with evidence that Plaintiff's mental health symptoms were "moderate at worst" lacks the support of substantial evidence.

Plaintiff argues that the ALJ erred by rejecting Dr. Yun's 2019 opinion based on evidence of Plaintiff's activities of daily living and. Dkt. 15–16. An ALJ may discount a physician's opinion that is inconsistent with a claimant's level of activity. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). The ALJ noted evidence in the record that Plaintiff continued to write, got his driver's license, played video games, read, and went to the grocery store. AR 30. The ALJ also noted that, in April 2021, Plaintiff went out with his boyfriend, reached out to friends, visited family, and made plans to hang out with a previous co-worker. AR 30. None of these activities are reasonably transferable to a work setting. Further, these activities are not reasonably inconsistent with Dr. Yun's assessment that Plaintiff would be limited in his ability to maintain appropriate behavior in a work setting and to complete a normal workday and work week without interruptions of his mental health symptoms. Therefore, the ALJ's finding that Dr. Yun's 2019 opinion was inconsistent with evidence of Plaintiff's daily activities lacks the support of substantial evidence.

Plaintiff argues that the ALJ erred by rejecting Dr. Yun's 2019 opinion by finding it inconsistent with the doctor's test results. Dkt. 13, at 16. An ALJ properly rejects a physician's opinion that contradicts or is inconsistent with the doctor's own notes or observations. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ found that Plaintiff's mental status

examination with Dr. Yun "was unremarkable, but for an inability to remember more than one word after a five minute delay." AR 33. Additionally, although the ALJ noted that Plaintiff reported one severe anxiety symptom and multiple depression symptoms, the ALJ found that Plaintiff's "subjective claims are somewhat in excess of what is supported by the other evidence in the record." AR 33. Dr. Yun found that Plaintiff's score on the Beck Depression Inventory indicated a severe level of depression and that Plaintiff's scores on the PAI depression-affective, depression-physiological, depression-cognitive, anxiety-affective, anxiety-physiological, and anxiety-cognitive subscales were elevated "at the clinically significant range." AR 1970–71. Dr. Yun also found that Plaintiff's memory, concentration, and insight and judgment were not within normal limits. AR 1973–74. Dr. Yun's clinical findings are not reasonably inconsistent with the doctor's assessed limitations, and there is no indication that the doctor's opinion was more heavily based on Plaintiff's discredited self-reports than on the doctor's clinical findings. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Therefore, the ALJ erred by finding Dr. Yun's opinion inconsistent with the doctor's own clinical findings, and the ALJ's finding lacks the support of substantial evidence.

As discussed above, the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for rejecting Dr. Yun's 2017 and 2019 opinions. This error was harmful because it resulted in an RFC determination that did not account for all of the limitations supported by the record. On remand, the ALJ should reevaluate Dr. Yun's opinions and reassess the RFC as warranted by further consideration of the evidence.

C. Dr. Shauna Smith, M.D., and Dr. John Albano, M.D.

On August 19, 2015, Dr. Smith examined Plaintiff for DSHS and assessed that Plaintiff's lumbar strain, lower back pain, and sciatica caused marked to severe limitations and that Plaintiff's

cervicalgia and shoulder pain caused moderate to severe limitations on Plaintiff's ability to perform basic work-related activities. AR 1235. Dr. Smith opined that Plaintiff would be capable of performing light work. AR 1234–36.

On September 28, 2017, Dr. Albano performed another examination for DSHS and assessed that Plaintiff's bipolar disorder and manic psychotic symptoms caused marked limitations and that Plaintiff's fibromyalgia caused moderate limitations on Plaintiff's ability to perform basic work-related activities. AR 1240. Dr. Albano opined that Plaintiff would be limited to sedentary work. AR 1239–41.

The ALJ afforded Dr. Smith's opinion great weight, finding that the "light exertional level with postural limitations is supported by the record." AR 33. The ALJ did not afford weight to Dr. Albano's opinion, finding that Plaintiff's "physical examinations do not reflect this level of limitation" and that "recent notes reflect that [Plaintiff's] severe physical impairments were stable or well-controlled." AR 33.

Plaintiff argues that the ALJ erred by preferring Dr. Smith's opinion over Dr. Albano's and by finding Dr. Albano's opinion inconsistent with the medical record and evidence that Plaintiff's physical impairments were stable and well-controlled. Dkt. 13, at 17–18. In rejecting Dr. Albano's opinion, the ALJ cites the same record evidence as cited in rejecting Dr. Enriquez' opinion. Accordingly, the analysis for Dr. Enriquez' opinion set above applies equally to Dr. Albano's opinion regarding limitations affected by Plaintiff's fibromyalgia. As with Dr. Enriquez's opinion, the ALJ's finding that Dr. Albano's opinion was inconsistent with the medical record lacks the support of substantial evidence. Further, similar to Dr. Enriquez's opinion, the ALJ did not err by finding Dr. Albano's opinion inconsistent with evidence that Plaintiff's physical impairments were stable and well-controlled.

In addition to limitations affected by Plaintiff's fibromyalgia, Dr. Albano opined that Plaintiff's mental health impairments markedly affect Plaintiff's ability to perform basic work-related activities. The ALJ's opinion provides no discussion of Dr. Albano's assessment of limitations affected by Plaintiff's mental health impairments. Where the ALJ fails to even mention a physician's opinion that a Plaintiff's impairment causes functional limitations, the Court "cannot 'confidently conclude' that the error was harmless." *Marsh v. Colvin*, 729 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout*, 454 F.3d at 1056). Therefore, the matter is remanded with instructions for the ALJ to address Dr. Albano's opinion that Plaintiff's mental health impairments would cause marked limitations on Plaintiff's ability to perform basic work-related activities.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 7th day of November, 2022.

MARY ALICE THEILER
United States Magistrate Judge

ORDER
PAGE - 12